UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DALVIN MICHAEL                                              CIVIL ACTION

VERSUS                                                      No. 19-193

BLACKHAWK TRANSPORT, INC., ET AL.                           SECTION I

ORDER & REASONS

Before the Court is plaintiff Dalvin Michael's ("Michael") motion[1] to remand the above-captioned matter to Louisiana state court. For the following reasons, the motion is granted.

I.

This case arises out of a motor vehicle accident that occurred on December 13, 2017 between Michael and defendant Gregory Brown ("Brown"), who was allegedly operating a truck owned by defendant Blackhawk Transport, Inc. ("Blackhawk").[2] On January 11, 2019, the defendants removed the case to this Court from the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana.[3]

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 1-2, at 3–4.
[3] R. Doc. No. 1.

Congress provides otherwise. Jurisdictional facts supporting removal are assessed at the time of removal. *Louisiana v. American Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014). "The removing party bears the burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Pursuant to 28 U.S.C. § 1332, a district court has original jurisdiction over cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. It is uncontested that the parties are completely diverse, as Michael is a Louisiana citizen, Brown is not a Louisiana citizen, and Blackhawk is a foreign corporation.[4] However, Michael disputes the amount in controversy. He asserts that the jurisdictional amount does not exceed $75,000 and that, as a result, the Court must remand this case for lack of subject matter jurisdiction.[5]

When faced with an amount-in-controversy dispute, the applicable standard of proof depends on whether the plaintiff's state court petition alleges a specific dollar amount in damages. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). When the petition alleges a specific amount and that amount exceeds $75,000, such

---

[4] Michael's petition alleges that Brown is either a resident of Grand Prairie, Texas or Columbia, South Carolina. R. Doc. No. 1-2, at 3. According to Blackhawk's notice of removal, Brown is a Texas resident. R. Doc. No. 1, at 2.
[5] *See* R. Doc. No. 10-1, at 4.

amount "controls in good faith." *Id.* "In order for the court to refuse jurisdiction, 'it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289 (1983)).

However, in cases such as this one where the petition does not specify a damages amount, the removing defendant must establish that the amount in controversy exceeds $75,000, exclusive of interest and costs, by a preponderance of the evidence.[6] *Id.* "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (citations omitted). Once the defendant has met his burden, the plaintiff can only defeat jurisdiction by "showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar*, 47 F.3d at 1412).[7]

---

[6] Under Louisiana law, a plaintiff may not petition for a specific monetary amount. La. Code Civ. P. art. 893(A)(1).

[7] The Fifth Circuit has emphasized that this analysis is not a burden-shifting exercise. *Grant*, 290 F.3d 864, 869. "[R]ather, 'the plaintiff must make all information known at the time he files the complaint.'" *Id.* (quoting *De Aguilar*, 47 F.3d at 1412). A plaintiff may establish legal certainty "in various ways." *De Aguilar*, 47 F.3d at 1412. For example, "[p]laintiffs may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (quoting *De Aguilar*, 47 F.3d at 1412).

3

II.

The allegations in the state court petition are too few and too vague to support a finding that Michael's claims exceed $75,000. Although the petition provides that Michael injured his neck, back, shoulder, body, and mind, it does not indicate the severity of his injuries.[8] Nor does it indicate that Michael has been hospitalized, has undergone surgery, or has been recommended any particular treatment. *See Bonck v. Marriott Hotels, Inc.*, No. 02-2740, 2002 WL 31890932, at *2 (E.D. La. Dec. 30, 2002) (Vance, J.) (noting that the plaintiff did not allege "any required surgery" or mention any "period of hospitalization"); *Touchet v. Union Oil Co. of Cal.*, No. 01-2394, 2002 WL 465167, at *2 (E.D. La. Mar. 26, 2002) (Sear, J.) ("The plaintiffs allege[ ], without specificity, injuries to his 'neck, back, and other parts of his body.' There is nothing in the petition to suggest the level of severity of these alleged injuries."); *Vaughn v. Todd*, 71 F. Supp. 2d 570, 572 (E.D. La. 1999) (Fallon, J.) (holding that remand was proper based on a jurisdictional amount inquiry, in part because, "[w]hile the plaintiffs' list [of claims] is extensive, there is no evidence as to the *nature or extent* of any of the claims") (emphasis added).

Michael alleges a long list of general damages categories, but "such allegations alone, unaccompanied by pertinent factual detail, 'simply provide[ ] the usual and customary damages set forth by personal injury plaintiffs and do[ ] not provide the Court with any guidance as to the actual monetary amount of damages [the plaintiff has] or will incur.'" *Maze v. Protective Ins. Co.*, No. 16-15424, 2017 WL 164420, at *4

---

[8] R. Doc. No. 1-2, at 4.

4

(E.D. La. Jan. 17, 2017) (Engelhardt, J.) (quoting *Carver v. Wal-Mart Stores, Inc.*, No. 08-42, 2008 WL 2050987, at *2 (M.D. La. May 13, 2008)). There are no factual allegations in the petition that support Michael's extensive damages claims. Therefore, on the basis of the petition alone, the Court cannot conclude that the amount in controversy exceeds $75,000, exclusive of interest and costs.[9]

Because the petition fails the facially apparent test, the Court must consider whether the defendants have set forth facts in controversy that nonetheless support a finding of the requisite jurisdictional amount. *Allen*, 63 F.3d at 1335. In their opposition to the present motion, the defendants offer "summary judgment type" evidence in an attempt to demonstrate that Michael's claims exceeded $75,000 at the time of removal. *Manguno*, 276 F.3d at 723. The evidence consists of an e-mail sent

---

[9] In their opposition to the present motion, the defendants rely on *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), in which the Fifth Circuit affirmed the district court's denial of a motion to remand based on an amount-in-controversy dispute. The plaintiff had alleged that she sustained injuries to her wrist, left knee, and upper and lower back. *Id.* She also alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement. *Id.* The defendants in this case argue that Michael's claims "are at least equal to, if not greater than, the claims made by the plaintiff in the *Gebbia* case." R. Doc. No. 11, at 2. The Court disagrees. Unlike the *Gebbia* plaintiff, Michael has not asserted damages for permanent disability and disfigurement.

Furthermore, the *Gebbia* court relied on the Fifth Circuit's previous opinion, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). *Gebbia*, 233 F.3d at 883. In *Luckett*, the Fifth Circuit held that the district court did not err in finding that the plaintiff's claims exceeded $75,000. *Luckett*, 171 F.3d at 298. In addition to routine damages, the plaintiff had alleged damages for an emergency ambulance trip and a six-day hospital stay—all in connection with allegations that the defendant airline had lost her luggage, which contained her heart medication, and that, consequently, she became severely ill. *Id.* at 297–98. Michael's petition does not include this level of specificity.

on January 24, 2019 by Michael's counsel to the defendants' counsel.[10] In the e-mail, Michael's counsel provided a line item of the e-mail's attachments, which include medical records and a workers' compensation form.[11] Michael's counsel wrote that Michael's medical bills totaled approximately $17,000 and that his lost wages totaled approximately $26,000.[12] According to the defendants, the relevant records are dated after the accident but before they removed the case, so they may be considered in assessing the amount in controversy.[13]

The sole medical record the defendants submitted in addition to the e-mail documents an MRI performed on April 5, 2018, which revealed that Michael may have at least one bulging disc and some disc herniation.[14] However, the document does not indicate whether surgery would be necessary or what kind of treatment plan, if any, was recommended.[15] In addition, the doctor's notes make reference to Michael's "history of previous trauma," meaning that the diagnoses were not necessarily linked to the accident at issue. Finally, the damages approximated in the

---

[10] *See* R. Doc. No. 11-1, at 1.
[11] *Id.*
[12] *Id.*
[13] R. Doc. No. 11, at 5; *see also* R. Doc. No. 11-2, at 1 (one of the medical records, dated April 5, 2018).
[14] *See* R. Doc. No. 11-2, at 2.
[15] Indeed, in his reply memorandum, Michael contends that the defendants chose not to submit a different medical report from September 2018. R. Doc. No. 15, at 2. According to the September 2018 report, Michael's pain was, at that time, "zero," and the doctor indicated that Michael "has done very well." R. Doc. No. 15-1, at 1. The report indicates that Michael "has resolving facet inflammation," but there is no mention of a herniated or bulging disc, and the doctor wrote, "I am going to let him go back to work as a driver without restrictions. . . . At this point, it appears that he is going to make a full recovery." *Id.*

6

e-mail—in addition to being less than $75,000—are not evidence of the jurisdictional amount at the time of removal; the e-mail was sent *after* the case was removed, and the defendants have not provided any corroborating documentation to suggest that the amounts date back to the time of removal. The Court ultimately concludes that the defendants have failed to meet their burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.

### III.

Accordingly,

**IT IS ORDERED** that Dalvin Michael's motion to remand is **GRANTED** and that the above-captioned matter is **REMANDED** to the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, February 11, 2019.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**